```
                     UNITED STATES DISTRICT COURT
                        DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| **NARAYAN ALEXANDER,** | No. 18-cv-8898 (NLH) (JS) |
| Plaintiff, | |
| v. | OPINION |
| **ATLANTIC CITY POLICE DEPARTMENT, et al.,** | |
| Defendants. | |

APPEARANCE:

Narayan Alexander, No. 980648-B
Mid-State Correctional Facility
P.O. Box 866
Wrightstown, NJ 08562
    Plaintiff Pro se

HILLMAN, District Judge

Plaintiff Narayan Alexander, a prisoner presently incarcerated at Mid-State Correctional Facility in Wrightstown, New Jersey, seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983, against the Atlantic City Police Department, the Pleasantville Police Department, the Mullica Township Police Department, Chief Sean Riggins, and the Chief of Police of the Atlantic City Police Department.

At this time, the Court must review the Complaint, pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such

1

relief.  For the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim, with leave to amend.  28 U.S.C. §§ 1915(e)(2)(b)(ii) and 1915A(b)(1).

BACKGROUND

Plaintiff alleges that on November 21, 2013, he was driving in Mullica Township when a police officer drove past him and looked at him in the face, "eye to eye with hatred."  ECF No. 1 at 6.  The police officer then turned around and pulled him over.  Id.  The police officer asked Plaintiff various questions including where he was coming from, where he was going, why he was in this particular neighborhood, etc.  Id.  Plaintiff alleges that he answered all of the police officer's questions to the best of his ability, when the police officer asked him to remove his keys from the ignition of the car.  Id.  The police officer then took the keys and placed them on the roof of the car and informed Plaintiff that he would conduct a search of the car because he smelled marijuana.  Id.  Plaintiff then heard the police officer broadcast over the radio that "we got one in our neck of the woods."  Id.

Plaintiff panicked because he felt his life was in danger and also because the police officer "looked like the police officer from Egg Harbor City who was having an affair with [his] wife Mrs. Ebony Alexander."  Id.  The police officer from Egg

Harbor City apparently "swore to get [Plaintiff] off the streets so he can be with [Plaintiff's] wife.[1]  Id.  Thus, Plaintiff tried to start his car, at which point the police officer punched him in the face, pulled out his gun, and stated that he was going to blow off Plaintiff's head.  Id.  Plaintiff still tried to start his car, so the police officer holstered his gun and resumed punching Plaintiff.  Id.  Plaintiff feared for his life, so he drove off, at which point the police officer began shooting at him.  Id.  Plaintiff was hit in the back by a gunshot. Id. at 7.

Plaintiff then drove to a friend's house, parked, and ran into the woods, where he passed out for hours, perhaps due to blood loss.  Id.  He woke up to his telephone ringing.  Id.  It was a detective asking him to give up and go to the hospital. Id.  Plaintiff told the detective that he was afraid for his life.  Id.  Although not alleged in the Complaint, at some point, Plaintiff must have surrendered because he was sentenced in state court on September 15, 2017.  Id.  Plaintiff alleges that he now has post-traumatic stress disorder and that he feels pain in his back, especially upon waking up in the morning and on cold days.  Id.

---

[1] Plaintiff has been separated from his wife since August 4, 2013, because of the affair.  ECF No. 1 at 6.

Plaintiff also alleges that on February 29, 2016, he was the victim of the use of unlawful excessive force by John Does 1 through 10.  Id.  It is unclear from the Complaint whether this separate instance is related to or arising out of the incident in Mullica Township.  Id.  He states that in February 2016, while he was taken into custody by members of the Atlantic County Task Force, the Atlantic County Police Department, and the Pleasantville Police Department, he was mistreated while handcuffed resulting in broken ribs.  Id. at 7-8.  Then, while Plaintiff was being transported to the Atlantic County Jail, Defendants John Does 3 and 4 had to pull over to wait for an ambulance because Plaintiff could not breath.  Id. at 8.  At the hospital, however Defendants John Does 3, 4, 5, and 6 stated that there was nothing wrong with Plaintiff.  Id.  After an x-ray, it was determined that Plaintiff's ribs were broken.  Id.  Plaintiff has filed numerous complaints with the Atlantic County administration but has not received any relief.  Id.

STANDARD OF REVIEW

Sections 1915(e)(2) and 1915A require a court to review complaints prior to service in cases in which a plaintiff is proceeding in forma pauperis and in which a plaintiff is incarcerated.  The Court must sua sponte dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant

who is immune from such relief. This action is subject to <u>sua sponte</u> screening for dismissal under 28 U.S.C. §§ 1915(e)(2)(B) and 1915A because Plaintiff is proceeding <u>in forma pauperis</u> and is also incarcerated. <u>See</u> ECF No. 7 (granting <u>in forma pauperis</u> application).

To survive <u>sua sponte</u> screening for failure to state a claim, the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. <u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 210 (3d Cir. 2009). "'A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" <u>Fair Wind Sailing, Inc. v. Dempster</u>, 764 F.3d 303, 308 n.3 (3d Cir. 2014) (quoting <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009)). "[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" <u>Iqbal</u>, 556 U.S. at 678 (quoting <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)).

<u>DISCUSSION</u>

The factual allegations contained in the Complaint demonstrate that Plaintiff's claims are time barred. As such, Plaintiff fails to state any claim upon which relief may be granted, and the Complaint must be dismissed. The Court,

5

however, will grant leave to amend limited to the statute of limitations issue.

A complaint pursuant to § 1983 is "characterized as a personal injury claim and thus is governed by the applicable state's statute of limitations for personal-injury claims." Dique v. N.J. State Police, 603 F.3d 181, 185 (3d Cir. 2010) (citing Cito v. Bridgewater Twp. Police Dep't, 892 F.2d 23, 25 (3d Cir. 1989)). In New Jersey, § 1983 claims are subject to New Jersey's two-year statute of limitations on personal injury actions. See Dique, 603 F.3d at 185. Therefore, Plaintiff's claims are subject to this two-year period.

The date when a cause of action under § 1983 accrues is determined by federal law. See Kach v. Hose, 589 F.3d 626, 634 (3d Cir. 2009) (citing Genty v. Resolution Trust. Corp., 937 F.2d 899, 919 (3d Cir. 1991)). "Under federal law, a cause of action accrues, and the statute of limitations begins to run when the plaintiff knew or should have known of the injury upon which its action is based." Id. (internal quotation marks and citations omitted). "As a general matter, a cause of action accrues at the time of the last event necessary to complete the tort, usually at the time the plaintiff suffers an injury." Id. (citing United States v. Kubrick, 444 U.S. 111, 120 (1979)). In reviewing the Complaint, it is clear that Plaintiff had a complete cause of action for the injury he sustained as a result

of absconding from the traffic stop in Mullica Township in or around November 21, 2013, when his injury occurred.  In addition, Plaintiff had a complete cause of action for the injury he sustained in the custody of the Atlantic City Task Force in or around February 29, 2016, when the injury occurred.  The statute of limitations thus expired for both claims on November 21, 2015, and March 1, 2018, respectively.  Because Plaintiff did not file his Complaint until April 25, 2018, see ECF No. 1 at 11, his claims are now time barred.

Generally, "plaintiffs who file complaints subject to dismissal under [§ 1915] should receive leave to amend unless amendment would be inequitable or futile."  Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).  The Court will grant leave to amend in order to allow Plaintiff an opportunity to address the statute of limitations issue, including tolling.[2]

CONCLUSION

For the reasons stated above, the Complaint is dismissed

---

[2] Equitable tolling "is only appropriate '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has timely asserted his or her rights mistakenly in the wrong forum.'"  Omar v. Blackman, 590 F. App'x 162, 166 (3d Cir. 2014) (quoting Santos ex rel. Beato v. United States, 559 F.3d 189, 197 (3d Cir. 2009)).

7

without prejudice for failure to state a claim, with leave to amend granted.  An appropriate order follows.


Dated: December 28, 2018           s/ Noel L. Hillman
At Camden, New Jersey              NOEL L. HILLMAN, U.S.D.J.